Leslie A. HENDERSON, Sr., Appellant,

v.

Myra Sue HENDERSON, Appellee.

Court of Appeals of Kentucky.

May 12, 1961.

As Modified on Denial of Rehearing

Nov. 22, 1961.

H. R. Wilhoit, Grayson, for appellant.

Francis C. Bryan, Mt. Sterling, for appellee.

STANLEY, Commissioner.

By intervention in a suit filed by Henderson Funeral Home Corporation against Leslie A. Henderson for damages and injunctive relief from unfair competition, Myra Sue Henderson, Leslie's former wife, sought judgment against him for maintenance of their children. Our opinion in the unfair competition case, Henderson v. Henderson Funeral Home Corporation, Ky., 320 S.W.2d 113, refers to the transfer by Leslie Henderson to his wife of stock in the corporation as part of a property settlement and the agreement that the Funeral Home would pay her monthly sum over a period of eighteen years. We referred also to Mrs. Henderson's testimony concerning the inability of the Funeral Home to pay her by reason of Leslie's wrongful acts. The intervening petition related to this matter.

In contemplation of a divorce Leslie. A. Henderson and his wife, Myra Sue Henderson, executed a property settlement and agreement on May 28, 1953. The judgment of divorce was rendered in June, 1953. By the terms of the agreement, Mrs. Henderson was given the custody of their five children, all boys, whose ages at the time ranged from about three to eleven years. Henderson released all claims to real property which he had previously conveyed to his wife, transferred to her twenty-five shares of stock in the Henderson Funeral Home Corporation and the right to receive $350 a month for eighteen years under a sales contract of twenty-five shares of the stock from the purchaser, C. W. Henderson.

The intervening action was tried as a separate proceeding as if it were a reopening of the divorce action. The appellant raised many issues and claimed his former wife had received property of the value of $112,564. The amount appears to be grossly exaggerated. The pleadings and evidence were directed toward many subordinate issues. We omit reference to them and the incriminations and recriminations contained in the evidence and briefs. The judgment, which is appealed by Leslie Henderson, orders him to pay his former wife, the appellee herein, $350 a month until each child shall become eighteen years of age and then reduces the payments by $50 a month. While this would still leave $100 a month to be paid, the judgment further recites, "there shall be no further payments required" from the father.

We concisely summarize the findings of fact relevant to the issues other than as above outlined.

The property settlement contract was in lieu of alimony, and the monthly payments on the purchase price of the funeral home stock were for the benefit of Henderson's children as well as his wife. This fixed the minimum sum of $350 a month for their support and maintenance, and the evidence established that as the "absolute minimum required for the support and maintenance of these five children." The subsequent establishment of another funeral home in competition with that from which the children were deriving their support violated a moral duty. The original funeral home had failed, and its failure was "attributable almost entirely to the actions of Leslie A. Henderson, Sr. in establishing a com-

petitive business and in the unscrupulous and devious business practices indulged in by Leslie A. Henderson, Sr." By his actions Henderson had "rendered ineffectual the provisions of the 'Settlement Contract' and 'Conditional Sales Contract' for the support and maintenance of his five children, in that the Henderson Funeral Home, Inc. is no longer an operating business." The court considered the fact that Henderson "is now operating the only Henderson Funeral Home in Olive Hill, Kentucky, and considering the proven financial success of such a funeral home in Olive Hill, Kentucky, and considering the accumulation of property and statement of earnings of Leslie A. Henderson, Sr., has been able to obtain in establishing his funeral home business, it is my opinion that he is more than able to pay to Myra Sue Henderson the sum of three hundred and fifty dollars ($350) per month for the support and maintenance of his five children at this time."

The court's conclusions of law are reducible to these points: (1) Appellant has the parental duty to care for his children, (2) His wrongful conduct destroyed the source of the payments of $350 agreed by the mother to receive and use for their support, and (3) He has the present ability to pay that sum.

The appellant does not really challenge the findings of fact. He rests his case largely on the claim that his former wife has wasted the estate she received for the benefit of the children and yet has sufficient property to enable her to care for the children, either from income or proceeds of sale. On the other hand, he argues, he is practically broke and his income does not justify such an award. He relies upon Wilson v. Wilson, 271 Ky. 631, 112 S.W.2d 980. In that case the wife had accepted a certain sum in full settlement of all alimony and the support of a child whose custody had been awarded her and expressly released the father from making payment of any further sum. We recognized that a father cannot by contract avoid his legal duty to support his child but held that so long as the mother retained custody of the child under the contract and judgment she had the primary duty thereunder to maintain the child from the fund she received. Under the peculiar circumstances of the case we affirmed the judgment refusing to require the father to pay a further sum but held that upon a change in circumstances he might be compelled to do so in spite of the contract.

We think the appellant misses the primary ground upon which the judgment is based. It requires him to pay for the support of his children what they and their mother would have received but for his own wrongdoing. Even if it was not due to his wrong, their source of support was destroyed, but his responsibility was not.

The judgment is affirmed.